UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Doble, et al., | No. C 09-1611 CRB (JL) |
| Plaintiffs, | |
| v. | **ORDER** |
| The Mega Life and Health Insurance Company, | |
| Defendants. | |

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) under 28 U.S.C. §636(b).

On March 31, 2010, this Court ordered Defendant to produce to Plaintiffs documents responsive to certain of Plaintiffs' Interrogatories and Requests for Production of Documents, which were originally propounded in August 2009.

> "MEGA is hereby ordered to produce forthwith all non-privileged responsive documents (and log any privileged documents), to supplement its interrogatory responses to provide full and complete information, and to supplement its responses to both interrogatories and document requests to clarify that it has provide all requested information, in response to Plaintiffs' following discovery requests: 1) Lawsuits and enforcement actions against Mega (Request Nos. 47, 49-50, 52-53, and 59-61; and 2) the Multi-State Market Conduct Examination and other regulatory agreements (Request Nos. 54-58 and 62-63)."

(Order e-filed March 31, 2010 at 11:4-11; Docket #52 )

Defendant filed objections with the district court (Hon. Charles R. Breyer) and the objections were overruled. (Order e-filed April 22, 2010 at Docket # 59) In his order, Judge Breyer declined to set deadlines and referred the parties to this Court to set deadlines for various categories of documents. Neither party approached this Court at that time. In its March 31 order, this Court had stated that the documents were to be produced "forthwith."

Plaintiffs inform the Court that it has been almost two months since the Court's order and still Defendant has not complied. Defendant submitted a letter brief at Docket # 63 and the Declaration of Susan A. Luna, e-filed at Docket # 64, presenting a number of excuses for its failure to comply, and requesting at least two weeks, and preferably one month beyond the parties' agreed time to produce documents:

> "In any case, MEGA has been diligently searching for and gathering the documents ordered by this Court. For the reasons set forth herein and the declarations that will be filed in support of this Statement, a May 21, 2010, deadline is unrealistic. MEGA use its best efforts to complete the production within two weeks, nonetheless, it requests the Court grant it one month for completion in the event of unforeseen difficulties."

(Letter Brief, Docket # 63, at p. 1)

The American Heritage Dictionary defines "forthwith" as: "At once; immediately; without delay." Defendant has had multiple opportunities to object, and to complain that it could not produce the documents for various reasons, first when it responded to Plaintiffs' document request, then again when it opposed Plaintiffs' motion to compel, and finally when it filed its objections with Judge Breyer. All objections have been rejected by this Court and by Judge Breyer. Still Defendant fails to comply.

Either this Court or the trial court may assess sanctions against Defendant for disobeying a court order to provide discovery, up to and including default judgment, as provided by Rule 37(b)(2)(A). The trial in this case is presently set to begin on June 28, 2010, (Pretrial Order entered January 29, 2010 at Docket # 30), and such egregious delay so close to trial is highly prejudicial to Plaintiffs.

This Court hereby extends the time for Defendant's compliance with its order of March 31, 2010 to June 4, 2010. There will be no further extensions.

1   IT IS SO ORDERED.
2   DATED: May 17, 2010

_____
JAMES LARSON
United States Magistrate Judge