UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Doble, et al., | No. C 09-1611 CRB (JL) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PREVENT DEPOSITION OF DEFENDANT'S CHIEF EXECUTIVE OFFICER (Granting Docket # 66 )** |
| The Mega Life and Health Insurance Company, | |
| Defendants. | |

**I.   Introduction**

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) under 28 U.S.C. §636(b). This Court received the parties' Joint Statement re Protective Order Prohibiting Plaintiff from Deposing MEGA's CEO and President Phillip Hillebrand. The parties are familiar with the factual and procedural background of this case and the Court need not reiterate them here. The Court finds this matter suitable for decision without a hearing, under Civil Local Rule 7-1(b).

Plaintiffs assert that Mr. Hillebrand is a percipient witness with personal, direct involvement in the handling of the claims at issue in this case, the negotiations between the Dobles and MEGA concerning potential resolution of those claims, and the decision to terminate those discussions after making a "final offer." In addition, Plaintiffs assert that Mr. Hillebrand is the key fact witness to MEGA's purported reform of its claims handling

practices in response to the Multistate Market Conduct Examination, including the very practices at issue in this case.

MEGA contends that Plaintiffs are incorrect. Mr. Hillebrand has very little, if any, personal knowledge about the handling of Mrs. Doble's claims, nor is he the "key fact witness" concerning the Multistate Market Conduct Examination as he wasn't even employed by MEGA during the examination period, at the date the exam was delivered, the date of MEGA's response, or the date of the agreement settling the Multistate Market Conduct Examination. Thus, MEGA asks the Court to issue a protective order prohibiting Plaintiffs from deposing Mr. Hillebrand.

The parties met and conferred, but were unable to resolve their dispute.

**II.      Analysis**

"Upon a motion by any party . . . and for good cause shown," this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c). This Rule protects an entity when it faces an "apex" deposition -- the deposition of its executive officer -- such as the one sought by Plaintiffs here. See, e.g., *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (affirming order precluding deposition of IBM executive who had no personal knowledge of pertinent facts); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231–232 (9th Cir. 1979) (affirming district court's decision to limit deposition of a government agency head, and ordering answers to interrogatories instead). Plaintiffs attempt to distinguish this case as involving government officials rather than company executives; this distinction is meaningless. See *Celerity, Inc., infra*, 2007 WL 205067, *1; *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979) (granting protective order where plaintiff had sought to depose the president of the company before deposing lower level executives); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, *1 (N.D.Cal. 2007) (prohibiting depositions of high-level officers unless other methods of discovery prove unsatisfactory). See also

1   *Liberty Mut. Ins. Co. v. Superior Court,* 10 Cal. App. 4th 1282 (1992) (prohibiting the

2   deposition of high-level officer without a showing of good cause).

3         Defendant contends that Plaintiffs attempted to use their advocate, John Metz,

4   director of JustHealth, a consumer advocacy group, to engage Mr. Hillebrand so that they

5   could use that interaction later to justify taking Mr. Hillebrand's deposition. Defendant

6   claims that, even though Mr. Metz was aware of the investigators who were actually

7   responsible for handling these issues, he continually copied and contacted Hillebrand, in an

8   effort to engage him directly in the dispute. Defendant argues that "this is a tactic

9   sometimes used by consumer advocates and insureds' attorneys so that they can later

10  argue that these officers were involved and seek their deposition."

11        In support of the motion for protective order, Mr. Hillebrand provided this declaration

12  under penalty of perjury:

> 1. I am an adult resident of Tarrant County, Texas and over the age of twenty-one (21). I am the President and Chief Executive Officer ("CEO") of The MEGA Life and Health Insurance Company ("MEGA"). The facts set forth below are based on my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.
>
> 2. This declaration is submitted in support of MEGA's Motion for a Protective Order Prohibiting Plaintiffs from Deposing MEGA's CEO and President Phillip J. Hillebrand in the case entitled Doble v. The MEGA Life and Health Insurance Company, Case No. CV09-01611 CRB.
>
> 3. In June, 2008, I was appointed the President and CEO of MEGA. Prior to that time, I was employed by New York Life Insurance Company, retiring in 2008 as Vice Chairman.
>
> 4. My responsibilities do not involve handling, processing or making any decisions on claims submitted to MEGA.
>
> 5. During the latter part of 2008 and early 2009, the Dobles' consumer advocate, John Metz, telephoned or emailed me regarding Rochelle Doble's claims. I instructed my assistant to direct him and his emails to our senior staff and the individuals responsible for handling Mrs. Doble's claims and, on February 24, 2009, I sent an email requesting our senior staff to "make a final offer and hold our position." Nonetheless, I did not have any personal involvement in the handling, processing or decisions made on any claims submitted to MEGA by the Dobles.
>
> 6. I did not make any decisions on the Dobles' insurance claims. I have not personally reviewed the Dobles' insurance claims, and I have not personally assessed whether the decisions made on the Dobles' claims were correct or incorrect.

7. I had no personal involvement in the Multi-State Market Conduct Examination for the period January 1, 2000 through December 31, 2005 ("Multi-State Market Conduct Examination") which was finalized in December 2007, before I became employed by MEGA. I was not and am not personally involved in any actions taken by MEGA arising from that examination other than at a high level management oversight. I was not and am not personally involved in any response by MEGA arising from the settlement of an examination by Massachusetts regulators other than at a high level management oversight.

8. I did not participate in MEGA's response to the Multi-State Market Conduct Examination also made in December 2007 before I was employed by MEGA. I did not and do not participate in MEGA's compliance with any requirements imposed by any regulator in connection with the Multi-State Market Conduct Examination other than at a high level management oversight. I did not and do not implement any changes to MEGA's claims handling practices made in connection with the Multi-State Market Conduct Examination other than at a high level management oversight.

Plaintiffs make much of Hillebrand's e-mail statement beginning with "Enough is enough!" And continuing: "Get the right people in the room and let's make a decision. Communicate to him what we are willing to accept and not accept and let him know that is our final offer." They rely on this as evidence of his personal involvement in the decision-making on the Dobles' claims. They also offer an e-mail in which he expresses exasperation to his staff: "everyone has worked extremely hard to resolve this [and] I can't believe we are still at it." Plaintiffs contend this is relevant to Hillebrand's personal decision to terminate negotiations with the Dobles. According to Plaintiffs, Hillebrand is the *only* person who can testify about why he decided "enough is enough," or why the time had been reached where MEGA was no longer willing to continue its negotiations. Plaintiffs argue that the lower level employees they have already deposed are "unable to provide any information" concerning MEGA's decision to terminate negotiations. That leaves only Hillebrand.

This Court finds that a CEO's telling his staff to try harder or to stop trying is not the level of personal involvement which would justify deposition of the CEO. This kind of generalized motivational admonition is pure high-level management, and not the type of hands-on action which demonstrates the unique personal knowledge required to compel a deposition of a CEO.

1   With respect to the multi-state examinations and settlement process, Plaintiffs rely on the fact that Hillebrand signed off on the settlement agreement and made public statements in 2008 regarding the settlements. Therefore, argue Plaintiffs, he has unique knowledge that similar misconduct continued in regard to the Dobles' claims, as well as the unreasonableness of the conduct, and the company's knowledge for purposes of punitive damages.

To the contrary, the Court asks that ,if the company had settled claims resulting from investigations which occurred prior to Hillebrand's employment with MEGA, what else was Hillebrand supposed to do, once the culmination was taking place on his watch? His signature at that point was more ceremonial than substantive, and did not represent any unique personal knowledge, of either MEGA's wrongdoing, the unreasonableness of its conduct, or the company's knowledge. All these issues emerged and were fully manifest prior to his employment with MEGA. For the same reasons, his public statements were part of his job as the public face of the company, and did not represent any personal participation by him in the process of negotiating the settlement.

Although Plaintiffs have perhaps not obtained the answers they wanted from lower level employees, that failure does not automatically justify their reaching higher, without the requisite showing of the higher-level official's unique personal knowledge.

### III. Conclusion and Order

Accordingly, due to Plaintiffs' failure to establish good cause for taking the deposition of MEGA CEO Phillip Hillebrand, Defendant's motion for a protective order prohibiting that deposition is granted.

IT IS SO ORDERED.

DATED: May 18, 2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\09-1611\Order grant 66.wpd