UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Doble, et al., | No. C 09-1611 CRB (JL) |
| Plaintiffs, | |
| v. | **ORDER** |
| The Mega Life and Health Insurance Company, | |
| Defendants. _____/ | |

## Introduction

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer), under 28 U.S.C. §636(b) and Civil Local Rule 72.

## Procedural Background

The Court received Plaintiffs' letter[1] of July 12, 2010 regarding their allegations that MEGA has not complied with this Court's order issued March 31, 2010, ordering production of documents "forthwith." MEGA responded with its letter brief on July 13, e-filed at Docket # 174.

---

[1] Simultaneously e-filed with an administrative request to the district court to file the document under seal (Docket # 173).

Some time after issuing its March 31 order, the Court, in response to a request from Plaintiffs, set a date for MEGA's compliance of June 4, 2010, with the proviso "[t]hat there will be no further extensions." The discovery cut-off in this case is August 13, 2010, the Pretrial Conference is September 16, and jury trial is September 20.

**Argument**

Plaintiffs contend that MEGA has to date failed to comply with this Court's orders. As a result, Plaintiffs have been unable to develop discovery in the subject area of the documents at issue, specifically the Multi-State Examination and Regulatory Settlement Agreement, for instance by taking 30(b)(6) depositions on topics relating to the missing documents. These include: MEGA's response to regulatory investigations of its claims handling practices, its internal findings concerning those investigations, and its subsequent compliance with agreements with regulators made in connection with those investigations.

Plaintiffs argue that MEGA's willful and repeated disobedience of the Court's orders may and in this case should be treated as contempt, punishable by a range of sanctions up to and including issue preclusion as provided by Rule 37, Federal Rules of Civil Procedure. Plaintiffs ask that the Court order MEGA yet again to fully and immediately comply with the Court's March 31 discovery order, and in addition order MEGA to pay Plaintiffs' attorney fees and expenses incurred in pursuing this discovery, as a sanction under FRCP Rule 37(b).

MEGA responds that it has conscientiously attempted to comply with this Court's orders. MEGA contends that Plaintiffs seek a further order compelling compliance because MEGA has not produced the so-called "2007 Report" or, more specifically, the consultant's report referenced in the Multi-State Market Conduct Examination ("Examination"). MEGA argues that this report is a non-issue because a final report does not exist. As set forth in the Declaration of Susan Luna, attached to its letter brief, MEGA has confirmed that its consultant, PricewaterhouseCoopers ("PwC"), did not issue a final and comprehensive 2007 report to MEGA, as Plaintiffs insist. (Luna Decl. ¶¶ 7-9.) Instead, it provided MEGA with two draft reports relating to claims handling during its general audit in or about August,

2005, through January, 2007. MEGA asserts it has produced both of those reports to Plaintiffs.

MEGA argues that Plaintiffs are mistaken about the existence of a final and comprehensive 2007 Report, just as they are in claiming that the Examiners "ordered" MEGA to produce it to them. In fact, the Examiners accepted MEGA's contention that any reports by its consultants are privileged and confidential. (Luna Decl. ¶ 9.) Thus, the Examiners decided that an overview of the report would suffice. MEGA has produced the overview to Plaintiffs. The Court finds this contention by MEGA to be ambiguous, in that it implies that a full report was prepared for MEGA but that MEGA did not produce it to the Examiners on the grounds of privilege, and therefore withholds it from production to Plaintiffs.

MEGA, in the course of the parties' discussions regarding this discovery, offered to produce a 2009 report or the index to the report so Plaintiffs could request portions of it related to claims handling. This was a 182 page report entitled "A Report Card on Compliance with the Performance Standards Set Forth in the Regulatory Settlement Agreement" dated November 9, 2009, prepared by the Schacht Group and SMART Business Advisory and Consulting LLC. (Luna Decl at 2)

MEGA asserts that its counsel explained to Plaintiffs' counsel that it had not located the final and comprehensive 2007 Report that Plaintiffs believed existed, and offered to provide Plaintiffs with a declaration once MEGA concluded its search or confirmed that the 2007 Report does not exist. MEGA explained that the only 2007 consultant's report it had located regarding claims handling was a draft report that appeared to be incomplete. At no time did MEGA's counsel say that MEGA had located the 2007 Report, as Plaintiffs now claim. (Pls' letter at ¶. 2-3.) MEGA agreed to produce the draft report to allow Plaintiffs to see for themselves that it was not the report they were seeking. MEGA then emailed the report and other documents to Plaintiffs.

1  MEGA has repeatedly advised Plaintiffs that it cannot locate the final,
2 comprehensive 2007 Report that Plaintiffs have repeatedly argued must exist, and it has
3 now confirmed that PwC did not prepare such a report. (See Luna Decl. ¶ 9.)
4  MEGA argues that it cannot be compelled to produce a report that does not exist,
5 nor should it be sanctioned for its inability to do so. MEGA requests the Court deny
6 Plaintiffs' request for an order for further compliance, another 30(b)(60 deposition, or
7 sanctions.

### Conclusion and Order

In the interests of justice, this Court will provide MEGA with an opportunity to file a sworn declaration that no document responsive to Plaintiffs' requests and subject to this Court's March 31 order exists which has not been produced to Plaintiffs. Such a declaration will preclude MEGA from relying on any such document or its content in motions or at trial. The Court will also give MEGA an opportunity to be heard on the issue of whether it has failed to comply with the Court's previous orders and, if so, if its failure merits sanctions as requested by Plaintiffs. The matter will be heard on the Court's calendar on August 4, 2010 at 9:30 a.m.

IT IS SO ORDERED.

DATED: July 14, 2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\09-1611\Sanctions brief.wpd